

# NUMBER 13-25-00026-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CYNTHIA ARTEAGA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Cron[1]**

By petition for writ of mandamus, relator Cynthia Arteaga contends that "the trial court abused its discretion in denying [her] motion for a level three scheduling order and denying [her] the ability to conduct discovery when the new trial setting is six months in the future and the real parties in interest asserted ten new affirmative defenses."

"Mandamus relief is an extraordinary remedy available only on a showing that

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

(1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus is intended for use in circumstances "involving manifest and urgent necessity" and is not used "for grievances that may be addressed by other remedies." *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 641 (Tex. 2021) (quoting *Walker*, 827 S.W.2d at 840). "An appeal is inadequate 'when parties are in danger of permanently losing substantial rights,' which occurs when 'the appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made part of the appellate record.'" *Id.* (quoting *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met her burden to obtain mandamus relief. *See Elec. Reliability Council of Tex., Inc.*, 619 S.W.3d at 641. In this regard, we note that the underlying case has been pending since 2018, has been set for trial on seven previous occasions, and has been the subject of a separate original proceeding pertaining to discovery. *See In re Arteaga*, No. 13-24-00578-CV, 2024 WL 4906774, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 27, 2024, orig. proceeding [mand. denied]) (mem. op.). Based upon the record presented, relator has not yet filed a motion to compel the discovery at issue here and the trial court has stated that it will "look

2

at" any such motion that relator may file. Accordingly, we deny the petition for writ of mandamus.

JENNY CRON
Justice

Delivered and filed on the
24th day of January, 2025.